[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14730
Non-Argument Calendar
_____

Agency No. A205-420-124


RIGOBERTO FIGUERIA-LOPEZ,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 20, 2016)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Rigoberto Figueroa-Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his application for asylum pursuant to the Immigration and Nationality Act ("INA").  The BIA's denial was based on alternative findings that Figueroa-Lopez's testimony was not credible and that, even if credible, it failed to demonstrate the required nexus between his feared persecution and a statutorily protected ground.  On appeal, Figueroa-Lopez argues that the BIA erred because it incorrectly analyzed the claim using his fear of gang recruitment and reprisal, rather than his membership in the Evangelical Christian Church, as the basis for evaluating his membership in a recognized social group.

We review the BIA's decision as the final judgment unless the BIA expressly adopted the IJ's decision.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).  Where, as here, the BIA does not expressly adopt the IJ's decision, to the extent the BIA agreed with the IJ, we will review both.  *Id.*

The BIA and the IJ must consider all evidence that an applicant has submitted.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).  However, where the BIA has given reasoned consideration to the petition and

2

made adequate findings, we will not require that the BIA address specifically each claim made by the petitioner or each piece of evidence presented. *Id.*

On appeal from the BIA's decision, we review legal questions, including whether the BIA gave reasoned consideration to an applicant's claim, *de novo*. *Id.* at 1374. Factual findings, including credibility determinations, are reviewed under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). Under this highly deferential test, we affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). Factual findings will only be reversed when the "record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.* (quotation omitted); *see* INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B). We view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Ruiz*, 440 F.3d at 1255 (quotation omitted).

When the IJ makes an adverse credibility finding, the IJ must provide "specific, cogent reasons" for the decision. *Id.* (quotation omitted). A credibility determination may be based on the totality of the circumstances, including: (1) the applicant's demeanor, candor, or responsiveness; (2) the inherent plausibility of the applicant's account; (3) the consistency between the applicant's written and oral

3

statements; (4) the internal consistency of each statement; (5) the consistency of the statements with other evidence; and (6) any inaccuracies or falsehoods in such statements. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). An adverse credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. *Ruiz*, 440 F.3d at 1255. We have held that even a single inconsistency can support an adverse credibility determination. *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240 (11th Cir. 2010).

Even if credible, an applicant for asylum must meet the INA's definition of refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> Any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Thus, to establish asylum eligibility the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at 1257 (quotation omitted). The applicant must demonstrate that one of those enumerated grounds "was or will be at least one central reason" for the alleged persecution. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).

4

To the extent that Figueroa-Lopez's arguments present a question of whether substantial evidence supports the BIA's denial of his asylum claim, we deny the petition for review. The record does not compel a finding either that he is credible or that, if credible, he demonstrated the required nexus between his feared persecution and a ground protected under the INA. Regarding his credibility, Figueroa-Lopez's testimony about his fear of persecution was inconsistent with his sworn statement to border patrol officers that he came to the United States to work and did not fear returning to Guatemala. Additionally, his testimony that he was threatened by the Maras gang on August 29, 2012 was inconsistent with (1) his statement at his credible fear interview that he was threatened on August 28, 2012; and (2) the statement in his father's affidavit that Figueroa-Lopez was subjected to threats from multiple gangs, only one of which was the Maras. Given that even a single inconsistency can support an adverse credibility determination, we see nothing in the record that would compel a reversal.

Turning to the basis of his application for asylum, Figueroa-Lopez's primary argument is that the BIA failed to give reasoned consideration to his claim because it did not adequately consider evidence that he was persecuted on account of his membership in the Evangelical Church. As an initial matter, this argument must fail because prior to this petition Figueroa-Lopez never argued that his asylum application was based on his membership in the Evangelical Church. Therefore,

5

any failure to expressly address the argument is not a failure of reasoned consideration. *See Tan*, 446 F.3d at 1374. Conversely, the BIA did sufficiently address the evidence and arguments actually put forth by Figueroa-Lopez regarding his religion as a basis for resisting gang recruitment and, accordingly, gave the requisite consideration to the arguments raised and the evidence presented. *Id.*

Moreover, substantial evidence, including Figueroa-Lopez's testimony, supports the BIA's determination that the gangs threatened him with serious harm or death because of his refusal to join them and because he reported them to the police, not because he was an Evangelical Christian. Indeed, the letter from the pastor of Figueroa-Lopez's church failed to mention any other members that had been threatened or harmed, and Figueroa-Lopez's own testimony acknowledged that he was the only one he knew of who had been threatened. Simply put, the record does not compel a finding that one central reason for the gang members' threats towards Figueroa-Lopez was his membership in the Evangelical Church. *See* INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we deny the petition.

**PETITION DENIED.**